UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EUGENE RAY BABCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00033-WTL-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING PARTIAL SUMMARY JUDGMENT**

The defendant's partial motion for summary judgment presents a straightforward legal issue. The plaintiff brings a negligence claim pursuant to the Federal Tort Claims Act, 28 U.S.C., § 2671, *et seq.*

In the plaintiff's tort claim notice, filed on July 25, 2016, he sought a sum certain of $165,000.00 in compensation for a slip and fall accident he suffered on July 4, 2016, while at the Terre Haute Federal Correctional Institution. Dkt. No. 46-4. He alleged injuries to the back of his head, neck and upper back pain, and loss of mobility. *Id.* In his complaint filed on January 19, 2017, his prayer for relief seeks $165,000.00 in compensatory damages. Dkt. No. 1 at 5.

The United States alleges that it "has become aware in the litigation process that Babcock intends to seek more than $165,000 in damages at trial." Dkt. No. 47 at 5. In its partial motion for summary judgment, the United States asks the Court to limit any recovery to the plaintiff to the $165,000.00 set forth in the tort claim and complaint. Dkt. No. 46.

By statute, after a final agency decision has been made on a claimant's tort claim, his damages in a lawsuit are, in most instances, limited to the amount alleged in the tort claim.

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased

> amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C.A. § 2675(b).

The exceptions to the cap limit set forth in the statute are "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," and where the plaintiff proves "intervening facts, relating to the amount of the claim." *Id.* "An unforeseen worsening of a known injury may constitute 'newly discovered evidence' or 'intervening facts' under § 2675(b)." *Zurba v. United States*, 318 F.3d 736, 739 (7th Cir. 2003).

The plaintiff has the burden of showing either newly discovered evidence or intervening facts. *Id.* In this case, the plaintiff has submitted no evidence of any newly discovered evidence or intervening facts, nor has he submitted how much more than $165,000.00 he seeks to recover and why.

In response to the motion for summary judgment, the plaintiff alleges that he believes that his fall "only exerbated [sic] a hip replacement that was already put in wrong." Dkt. No. 49 at 1. He also discusses the fact that the Bureau of Prisons denied him surgery and an opportunity to see a neurosurgeon for the pain in his neck and head. Dkt. 49 at 2. As noted, however, he does not allege that any of those circumstances were not reasonably known at the time he filed his administrative claim. The plaintiff has not shown that newly discovered evidence or unforeseen intervening facts exist that would permit a claim for relief above the statutory cap.

Therefore, neither statutory exception to the cap applies, and the plaintiff is limited to damages in the amount he alleged in the tort claim, $165,000.00. The defendant's partial motion for summary judgment, Dkt. No. 46, is **granted.**

An earlier settlement conference failed to achieve a resolution. The Magistrate Judge is requested to set this matter for a telephonic status conference to direct the further development of the action, including preparation for a bench trial to be set in the near future.

**IT IS SO ORDERED.**

_William T Lawrence_

Date: 7/23/18

Distribution:

Electronically registered counsel

EUGENE RAY BABCOCK
113 Clover Street
Moro, IL 62067

Magistrate Judge Mark J. Dinsmore

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana