UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EUGENE RAY BABCOCK, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-00033-JPH-MJD |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**ORDER ON MOTION IN LIMINE**

Mr. Babcock has sued the government under the Federal Tort Claims Act for injuries he sustained after he slipped and fell in a shower maintained by the Federal Bureau of Prisons. Dkt. 1 ¶¶ 1, 5-10. The government has filed a motion in limine, dkt. 83, asking the Court bar all "evidence regarding Mr. Babcock's alleged disabilities, and the alleged failures of Defendant to accommodate them," dkt. 84 at 4. The government argues that this evidence would be prejudicial and distract from the relevant issues. *Id.* Mr. Babcock opposes the motion. Dkt. 85.

If evidence "clearly would be inadmissible for any purpose," the Court may issue a pretrial order in limine excluding it from further consideration. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Unless evidence meets this standard, "evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context." *Id.* Here, Mr. Babcock's claim is under the Federal Tort Claims Act, which incorporates "the law of the place where the act or omission

1

occurred," so Indiana law governs. Dkt. 84 at 2 (quoting 28 U.S.C. § 1346(b)(1)).

To prevail in his claim of negligence under Indiana law, Mr. Babcock must prove: "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007). Under the first element, "when a party is in the custodial care of another . . . the custodian has the duty to exercise reasonable care to preserve the life, health, and safety of the person in custody." *Sauders v. Cty. of Steuben*, 693 N.E.2d 16, 18 (Ind. 1998). This duty "will vary according to the facts and circumstances presented in each case." *Id.* For example, if a custodian knows that a prisoner has suicidal tendencies, then "the standard of care required of the custodian is elevated." *Id.* at 19.

Here, the conditions of Mr. Babcock's confinement, including his alleged disability, are relevant to the duty of care the government owed him. The government's duty as a custodian varies depending on Mr. Babcock's condition and the circumstance of the jail. *Id.* Evidence related to Mr. Babcock's alleged disabilities and the government's response to that disability, therefore, does not meet the standard of "clearly is not admissible for any purpose." *Lopez,* 161 F. Supp. 3d at 662.

Furthermore, the government's concerns about prejudice—that evidence regarding his disability "would be unfairly prejudicial to Defendant by its tendency to elicit sympathy for the Plaintiff"—are misplaced. This case will be

tried as a bench trial rather than a jury trial, so any concerns about prejudice are significantly diminished. *United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary"); *see also, City of Joliet v. Mid-City Nat. Bank of Chi.*, No. 05 C 6746, 2012 WL 5463792, at *11 (N.D. Ill. Nov. 5, 2012).

Therefore, the government's motion in limine is **DENIED**.  Dkt. [83].

**SO ORDERED.**

Date: 6/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EUGENE RAY BABCOCK
113 Clover Street
Moro, IL 62067

Neal Anthony Brackett
BARNES & THORNBURG LLP
nbrackett@btlaw.com

Kathleen L. Matsoukas
BARNES & THORNBURG, LLP (Indianapolis)
kmatsoukas@btlaw.com

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelly.rota@usdoj.gov

Allison Marie Scarlott
BARNES & THORNBURG LLP
allison.scarlott@btlaw.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov